IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| **RAY SULLIVAN,** | : | |
| Petitioner, | : | |
| v. | : | Criminal Action No. 4:97-cr-10 (HL) |
| **UNITED STATES OF AMERICA,** | : | |
| Respondent. | : | |

## ORDER

Before the Court is a document entitled "Notice of Appeal" (Doc. # 72) filed by pro se Petitioner Ray Sullivan ("Sullivan"). After carefully reviewing Sullivan's Notice, the Court concludes that he intended it to serve as both an Application for Certificate of Appealability ("COA") as well as a Motion for Extension of Time to file an Application for COA. Therefore, the Court first considers whether this implied Motion for Extension of Time was timely and properly filed. Only after the Court rules on Sullivan's request to file an untimely notice of appeal may it determine whether a COA may issue. Also before this Court is a Motion to Proceed In Forma Pauperis (Doc. # 77). For the reasons set forth below, the Court finds Sullivan's Motion for Extension of Time timely and proper, but denies his Application for COA (Doc. # 72). Accordingly, Sullivan's Motion to Proceed In Forma Pauperis (Doc. # 77) is denied as moot.

**I.     PROCEDURAL HISTORY**

On November 22, 2005, this Court issued an Order on Motion for Reconsideration (Doc. # 68) adopting the Recommendation of the United States Magistrate Judge (Doc. # 64) filed June 30, 2005. This Order also denied Sullivan's Motion for Reconsideration (Doc. # 56), his 28 U.S.C.A. § 2255 petition (Doc. # 57) and his Motion for Summary Judgment (Doc. # 60) based on the Court's de novo determination that the objections raised in the foregoing submissions were without merit. Subsequently, on January 10, 2006, Sullivan filed a "Motion for Writ" (Doc. # 69), from which it was clear he had never received a copy of the Court's Order of November 28, 2005.[1] Thereafter, on January 30, 2006, the Court issued an Order (Doc. # 70) directing the clerk's office to serve Sullivan with its November 22, 2005 Order and finding Sullivan's "Writ" moot, as a result. Finally, Sullivan filed the present Notice of Appeal.

## II.  ANALYSIS

### A.  Timeliness

#### 1.  Standard

Before deciding whether to grant or deny Sullivan's Notice of Appeal, the Court must determine whether Sullivan's filing was timely. To be timely, a notice of appeal in a civil case[2] when the United States is a party must be filed no later than sixty days after the entry of

---

[1] It is unclear why Sullivan did not receive a copy of the Court's Order of November 22, 2005. However, no Certificate of Service appears in Sullivan's court file to indicate that he was ever mailed a copy of the Order, much less that he received it. Therefore, the Court accepts the truth of Sullivan's claim, and concludes that a clerical error was made by the Court.

[2] As a threshold matter, the Court notes that this is a civil case, even though Sullivan seeks to overturn his conviction in a criminal matter, because he is attempting to appeal from the denial of a 28 U.S.C.A. § 2255 petition, among other civil filings. Because habeas cases are civil in nature, they are subject to Federal Rule of Appellate Procedure 4(a) and its subsections, which pertain to civil cases,

the challenged order or judgment. See Fed. R. App. P. 4(a)(1)(B). The Supreme Court has emphasized that the timely filing of a notice of appeal is "mandatory and jurisdictional." Pinion v. Dow Chem., U.S.A., 928 F.2d 1522, 1525 (11th Cir. 1991) (citations omitted). The Eleventh Circuit has interpreted this statement to "mean[] what it says: if an appellant does not file his notice of appeal on time, we cannot hear his appeal." Id. However, Federal Rule of Appellate Procedure 4(a)(6) authorizes a district court to reopen the time to file an appeal for 14 days after the date when its order to reopen is entered. For this Rule to be invoked, three conditions must be satisfied: (i) the would-be appellant must file a motion to reopen within 180 days after entry of judgment or within 7 days after notice of entry of judgment, whichever is earlier; (ii) the movant must not have received notice of judgment within 21 days after entry; and (iii) no party can be prejudiced. See Fed. R. App. P. 4(a)(6).

### 2. Preliminary Matters

Two preliminary matters must be addressed before the Court may proceed with its timeliness analysis: (1) whether Sullivan moved for an extension of time and (2) which order Sullivan is seeking to appeal. In this case, although Sullivan never expressly moved for an

---

rather than Rule 4(b), which relates to criminal cases. See, e.g., Houston v. Lack, 487 U.S. 266, 269 (1988). Admittedly, this determination is somewhat muddied in the present case, because the procedural background in Sullivan's case is complex, and the Court's November 22, 2005 Order actually denied a "Motion for Reconsideration," a "U.S.C.A. § 2255 petition" and a "Motion for Summary Judgment." Nevertheless, the Court shall evaluate the current Notice of Appeal under Federal Rule of Appellate Procedure 4(a). Were the Court to evaluate Sullivan's Notice of Appeal under Federal Rule of Appellate Procedure 4(b), it would deny Sullivan's motion as untimely based on a rationale similar to the one espoused in United States v. Wright, 131 Fed.Appx. 698, 699 (11th Cir. 2005).

extension of time to file an Application for COA, the Court is satisfied he seeks leave to file his notice of appeal out of time. Sullivan's Motion lists three reasons why he believes he has shown "good cause" and should be allowed to file his Notice of Appeal, implicitly recognizing that his motion is untimely and that he needs an extension. Furthermore, Sullivan attempts to bring his Motion within the proper filing period with its conclusion: "Therefore, upon good cause shown, Petitioner's notice of appeal is thus *timely* from the January 30, 2006 order he received." (Doc. # 72 at 1, emphasis added.) In construing the Motion as incorporating a request for an extension, the Court recognizes its "obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial . . . framework." Sanders v. United States, 113 F.3d 184, 187 n.5 (11th Cir. 1997) (citation omitted).

Next, the Court must determine which order Sullivan intended to challenge. Despite Sullivan's specific assertion that "he wish[es] to appeal this court's order dated January 30, 2006," he states that the judgment he wishes reviewed is this Court's "denying relief on his motion for reconsideration." It was the Court's November 22, 2005 Order that denied relief on Sullivan's Motion for Reconsideration—all the January 30, 2006 Order accomplished was to instruct the clerk's office to mail Sullivan a copy of the earlier Order.[3] Accordingly, the Court

---

[3] Sullivan appears confused on this point, stating that his Motion for Reconsideration "was *supposedly* denied November 22, 2005." (Doc. # 72 at 1, emphasis added.) As the record clearly reflects, an Order denying a number of Sullivan's post-conviction motions, including his Motion for Reconsideration, was entered on November 22, 2005. Sullivan's doubt presumably can be explained by the subsequent administrative mistake that led to his failure to receive a copy of the Order promptly, and he shall not be penalized for it.

will construe Sullivan's Notice of Appeal as an attempt to appeal the November 22, 2005 Order.

### 3.     Timeliness of Notice of Appeal

Where, as here, the United States is a party to an action, Federal Rule of Appellate Procedure 4(a)(1)(B) permits either party to file a notice of appeal within 60 days of the entry of the disputed judgment. Therefore, the Court must calculate 60 days from November 22, 2005, the date when final judgment was entered, to ascertain the notice to appeal deadline. Here, this calculus results in a notice to appeal deadline of January 20, 2006. Sullivan filed his Notice of Appeal on February 9, 2006,[4] which was clearly beyond the 60 day limit. Therefore, his Notice of Appeal was untimely filed.

### 4.     Rule 4(a)(6) Analysis

The United States Court of Appeals for the Eleventh Circuit has recognized that notices of appeal filed late because the appellant did not receive notice of the judgment appealed from should be addressed under the provisions of Federal Rule of Appellate Procedure 4(a)(6) for extensions of time. See, e.g., Vencor Hosp., Inc. v. Standard Life and Accident Ins. Co., 279 F.3d 1306, 1311 (11th Cir. 2002); Sanders, 113 F.3d at 187. Again, to avail himself of this Rule, Sullivan must prove three conditions have been met: (i) he filed a motion to reopen within 180 days after entry of judgment or within 7 days after notice of entry of judgment, whichever is earlier; (ii) he did not receive notice of judgment within 21 days after entry; and (iii) no party

---

[4] An inmate's filings are deemed timely if they are deposited in the prison's internal mail system on or before the last day for filing. Fed. R. App. P 4(c)(1). Here, Sullivan's motion reflects that he placed it in the prison's mail system on February 9, 2006.

would be prejudiced.  See Fed. R. App. P. 4(a)(6).

First, the judgment in this case was issued November 22, 2005, and Sullivan filed his motion to reopen on February 9, 2006—79 days later.  Thus, Sullivan's appeal falls within the 180 day limit.  However, the 180 day limit in the Rule is an *outer time limit*, and because it appears the 7 day deadline is the earlier of the two deadlines, the Court must also determine whether Sullivan's motion was filed within 7 days after notice of entry of judgment.  Here, it is undisputed that on February 3, 2006, the clerk sent a written notice to Sullivan, which indicated that his Motion for Reconsideration and other appeals had been denied.  Allowing three days for mailing, Sullivan can be said to have received this notice on February 7, 2006.  Sullivan filed his motion on February 9, 2006.[5]  As such, Sullivan's motion was filed within 7 days after he received notice of entry of judgment, and he has satisfied the first condition.

Second, it is clear that Sullivan did not receive notice of the judgment within 21 days after entry, as the clerk's office did not even notify him of the judgment until January 30, 2006—69 days later.  The second prong is thus satisfied.  Third, Sullivan would obviously not be prejudiced by permitting his late appeal, and the Government has filed no representation indicating that prejudice would result by granting Sullivan's request.  Therefore, Sullivan has met the third condition as well.  Accordingly, the Court finds Sullivan has satisfied the requirements of Rule 4(a)(6), and his Notice of Appeal shall be considered as timely filed.

**B.    Application for Certificate of Appealability**

---

[5] Sullivan's motion was received by the Court on February 13, 2006.  Even using this date, his motion was filed within 7 days after he received notice of entry of judgment, and is timely.

Next, the Court considers the substantive question of whether Sullivan is entitled to a COA. Under the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner must obtain a COA before he can appeal the denial of a § 2255 motion. See 28 U.S.C. § 2253(c)(1)(B). Under section 2253(c), a COA may issue only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court finds that Sullivan has made no such showing. Accordingly, his Application for COA is denied.

### C. Motion to Proceed In Forma Pauperis

The Court's decision to deny Sullivan's Application for COA necessarily renders his Motion to Proceed In Forma Pauperis (Doc. # 77) moot. It is denied as such.

### III. CONCLUSION

Although the Court finds Sullivan's untimely filing of his Notice of Appeal was excusable, the Court nevertheless denies his Application for Certificate of Appealability (Doc. # 72). As a result, his Motion to Proceed In Forma Pauperis (Doc. # 77) is denied as moot.

SO ORDERED, this the 31st day of March, 2006.

                                **s/   Hugh Lawson**
                                HUGH LAWSON, JUDGE

pdl