# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| **RAY SULLIVAN,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Criminal Action No. 4:97-cr-10 (HL) |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| Respondent. | : | |

_____

## ORDER

On April 14, 2006, the United States Court of Appeals for the Eleventh Circuit issued an order of limited remand (Doc. # 81) concerning the exercise of its appellate jurisdiction in this case. The Order found that to the extent that this Court's November 22, 2005, order (Doc. # 68) had denied the motion for reconsideration (Doc. # 56) filed by Petitioner Ray Sullivan ("Sullivan"), Sullivan's subsequent appeal was not timely. Accordingly, the Eleventh Circuit remanded Sullivan's case to this Court for a determination of whether to reopen the appeal period under Federal Rule of Appellate Procedure 4(a)(6) so as to enable Sullivan to appeal the portion of the November 22, 2005, order denying his motion for reconsideration. In response to the Eleventh Circuit's order of limited remand, the Government filed a brief (Doc. # 80) recommending that the Court extend Sullivan's time for appeal from the denial of his motion for reconsideration, so that his notice of appeal (Doc. # 71) will be timely to support the Court of Appeal's jurisdiction as to all aspects of this Court's November 22, 2005 order.

Federal Rule of Appellate Procedure 4(a)(6) authorizes a district court to reopen the time to file an appeal for 14 days after the date when its order to reopen is entered. For this Rule to be invoked, three conditions must be satisfied: (i) the would-be appellant must have filed a motion to reopen within 180 days after entry of judgment or within 7 days after notice of entry of judgment, whichever is earlier; (ii) the movant must not have received notice of judgment within 21 days after entry; and (iii) no party can be prejudiced. See Fed. R. App. P. 4(a)(6). For the reasons set forth in its previous order (Doc. # 78),[1] and based on the Government's own recommendation (Doc. # 80 at 2), which indicated it would not be prejudiced, the Court finds all three conditions have been met. Therefore, the Court finds Sullivan's Notice of Appeal (Doc. # 71) is timely to support the Court of Appeal's jurisdiction as to all aspects of the Court's November 22, 2005 order, including Sullivan's motion for reconsideration.

SO ORDERED, this the 24th day of April, 2006.

s/   Hugh Lawson
HUGH LAWSON, JUDGE

pdl

---

[1] Because Sullivan filed a timely Motion for Reconsideration, his time to appeal runs from the entry of the order disposing of the motion. See Fed. R. App. P. 4(a)(4)(A)(iv). The Order disposing of the last such motion was the Court's Order of November 22, 2005, which date then serves as the start of Sullivan's time to appeal. As such, and using the date calculations contained in the Court's Order of March 31, 2006 (Doc. # 78 at 5-6), Sullivan's notice of appeal was filed within the additional time permitted for filing a motion to reopen the appeal period.