IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| **RAY SULLIVAN,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 4:97-cr-10 (HL) |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| Respondent | : | |

_____

## **ORDER**

Before the Court is a "Motion to Reconsider Under Rule 60(b) of Fed. R. Civ. P." (Doc. 86) filed by Petitioner Ray Sullivan ("Sullivan"). For the reasons below, the Motion is dismissed.

**I.   FACTS AND PROCEDURAL HISTORY**

Sullivan was originally convicted on all three counts of a three-count indictment on July 23, 1997. (Doc. 19.) He has been engaged in post-conviction litigation ever since.[1] Most recently, Sullivan filed the Motion for Reconsideration pursuant to Rule 60(b)(6)[2] under

---

[1] Rather than recount Sullivan's post-conviction efforts through December 2004, the Court adopts the factual and procedural summary contained in the Report and Recommendation issued by the United States Magistrate Judge on June 30, 2005. (Doc. 64 at 1-4.) Subsequent details are included in the Order of this Court issued on March 31, 2006. (Doc. 78 at 2.) Finally, the Court notes that the United States Court of Appeals for the Eleventh Circuit denied Sullivan a Certificate of Appealability on June 19, 2006 (Appeal No. 06-11260), and denied him permission to file a second and successive petition on August 8, 2006 (Appeal No. 06-13928).

[2] Although the title of Sullivan's motion refers to Rule 60(b) in general, Sullivan explicitly states he "is relying on Fed. R. Civ. P. 60(b)(6) to seek relief." (Doc. 88 at 3.) Accordingly, the Court will address his motion in light of this subsection.

1

consideration here (Doc. 86), wherein he asks the Court to reconsider its Orders of August 16, 2004 (Doc. 54) and November 22, 2005 (Doc. 68).  The Government filed a Brief in Response (Doc. 87), and Sullivan filed a Motion in Opposition to the Government's Brief in Response (Doc. 88).  The matter is now ripe for adjudication.

## II.     ANALYSIS

### A.     Standards

#### 1.     Gonzalez v. Crosby

Before a district court can consider a prisoner's Rule 60(b) motion, it first must determine whether it may rule on the motion without precertification by the Court of Appeals. The Supreme Court of the United States recently held that a Rule 60(b) motion that "seeks to add a new ground for relief," or "attacks the federal court's previous resolution of a claim *on the merits*," constitutes a second or successive petition for writ of habeas corpus.  See Gonzalez v. Crosby, 545 U.S. 524, 125 S. Ct. 2641, 2648 (2005).[3]  In particular, the Court recognized that the term "on the merits" had multiple usages, and that a petitioner was not making a habeas corpus claim "when he merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id. at n.4.

---

[3] The Eleventh Circuit has held that even though the Gonzalez decision addressed only habeas petitions brought pursuant to § 2254, it should also apply to § 2255 proceedings. See Galatolo v. United States, No. 89-00362-CR-JCP, 2006 WL 2690199, at *3 n.4 (11th Cir. Sept. 20, 2006).

### 2. Federal Rule of Civil Procedure 60(b)

Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

"Under Rule 60(b)(6), a court may grant relief for any other reason justifying relief from the operation of judgment. Relief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Crapp v. City of Miami Beach, 242 F.3d 1017, 1020 (11th Cir. 2001). Indeed, in order to prevail under Rule 60(b)(6), a petitioner "must do more than show that a grant of [his] motion might have been warranted . . . . [he] must demonstrate a justification for relief so compelling that the district court [i]s *required* to grant [his] motion." Rice v. Ford Motor Co., 88 F.3d 914, 919 (11th Cir. 1996). Accordingly, motions under Rule 60(b) are directed to the sound discretion of the district court. See, e.g., United States v. Certain Real Prop. Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1318 (11th Cir. 1997).

### B. Application

#### 1. Gonzalez v. Crosby

3

In the present matter, unlike the case of the petitioner in <u>Gonzalez</u>, the Court looked at the substance of Sullivan's pleading in denying his original and his subsequent § 2255 motions. Sullivan's petitions were not denied because of failure to exhaust, procedural default, or statute-of-limitations bar. His original petition was rejected because it was without merit in any of its claims. His subsequent petition was rejected because the Court determined he did not act with due diligence in seeking an order to vacate his predicate State convictions. Sullivan is now asking the Court to revisit its prior determinations on the merits. As such, his "60(b)(6)" motion is in actuality an unauthorized second and successive § 2255 motion, and it is dismissed.

### 2.     Rule 60(b)(6)

In the alternative, even if Sullivan's pending motion could be construed as a true Rule 60(b)(6) motion, rather than as an unauthorized second and successive § 2255 motion, it still would be unsuccessful. At its most basic level, Sullivan's case is anything but exceptional. Sullivan was convicted of federal crimes, and his resulting sentence was enhanced by his prior state convictions. Sullivan eventually got those underlying state convictions vacated, but he waited more than three years after his federal judgment became final before he initiated that process.[4] He has been trying ever since to convince the federal courts that his lack of due diligence should be excused.

Sullivan's initial tactic was to spend years arguing his original federal judgment had been

---

[4] The Court entered judgment in Sullivan's case on February 11, 1998 (Doc. 23). Sullivan filed a State habeas corpus action to attack his predicate state convictions on October 30, 2001.

vacated, and therefore that he had attacked his state convictions with due diligence in light of his "new" date of judgment. This claim was rejected by a United States Magistrate Judge, this Court and the United States Court of Appeals for the Eleventh Circuit. In his latest filing with the Court, Sullivan finally accepts that the time for him to attack his state convictions began to run on the date of his original judgment. (Doc. 86 at 5.) However, never one to quit easily, Sullivan has concocted a new excuse to explain his tardiness.

Sullivan's new argument is that he *did*, in fact, exercise due diligence from the original date of judgment. In support of this claim, Sullivan presents letters to prove that he corresponded with various county clerks in an attempt to obtain records and transcripts related to his underlying state convictions as early as April 21, 1998 (Doc. 86, Ex. 2). He also submits evidence that he initially attempted to file his state habeas petition on February 8, 2000 (Id., Ex. 5), but it was rejected as improperly filed. Therefore, according to Sullivan, he "started proceeding to collaterally attack his state priors at a date from February, 1998." (Doc. 88 at 1.)

On one level, Sullivan's claim leads the Court to contemplate the decision of the Supreme Court of the United States in Johnson v. United States, 544 U.S. 295 (2005). In Johnson, the Court held the one-year limitations period under the Anti-Terrorism and Effective Death Penalty Act of 1996 begins to run when a prisoner receives notice of an order vacating a prior state conviction, provided that the prisoner sought habeas relief with due diligence in state court after entry of judgment in the federal case where the Court enhanced his sentence based on the state conviction. Id. at 308. Despite announcing this general holding, the Court found Johnson himself

did not exercise the proper due diligence in filing a state habeas petition. Id. at 311. In reaching that conclusion, the Court noted,

> Johnson has offered no explanation for this delay, beyond observing that he was acting *pro se* and lacked the sophistication to understand the procedures. But we have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness, and on this record we think Johnson fell far short of reasonable diligence in challenging the state conviction.

Id.

The Court draws two conclusions from its examination of Johnson. First, it notes that Johnson does not inquire as to when a prisoner began preparing to attack his state convictions, but it asks when the attack itself actually took place. Accordingly, the Court disregards as irrelevant Sullivan's assertion that he "started preparing to attack [his] state convictions when [he] initiated correspondences [sic] with state officials to obtain the records of the state offenses." (Doc. 88, Ex. 2 at 3.)

Second, the Court must consider whether Sullivan's explanation for his more than three-year delay could provide a reasonable excuse for his lack of due diligence. The Court finds it does not. While it is reasonable that Sullivan might have been forced to wait some length of time to secure the necessary court documents required in order to formulate a successful challenge to his state convictions, the Court finds Sullivan took far too long to both obtain the documents and, thereafter, to properly file his state habeas petition. Just like Johnson, Sullivan fell far short of

reasonable diligence in challenging his state convictions.

However, setting aside all of this consideration of <u>Johnson</u>, the Court cannot help but note that Sullivan could have made this entire argument years ago. Presumably, Sullivan has possessed the same correspondence that he recently submitted to the Court for months if not many years. There is no reason for the Court to consider this information, brought at such a late date, as presenting anything extraordinary. As such, Sullivan has failed to meet his heavy burden under Rule 60(b)(6).

### III.   CONCLUSION

The Court concludes Sullivan's Motion (Doc. 86) is an unauthorized second and successive § 2255 motion. To the extent that it might be construed otherwise, Sullivan points to nothing "exceptional" about his case that would warrant relief under Rule 60(b)(6), nor is the Court aware of any such circumstances. Accordingly, the Court finds Sullivan is not entitled to relief under Rule 60(b)(6).

For the foregoing reasons, Sullivan's Motion (Doc. 86) is dismissed.

SO ORDERED, this the 19th day of October, 2006.

                                            <u>s/   Hugh Lawson</u>
                                            **HUGH LAWSON, JUDGE**

pdl