# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

RAY SULLIVAN,                                    :
                                                 :
      Petitioner,                        :
                                                 :
      v.                                 :     Criminal Action No. 4:97-cr-10 (HL)
                                                 :
UNITED STATES OF AMERICA,                        :
                                                 :
      Respondent.                        :
_____

## ORDER

Before the Court are two documents filed by *pro se* Petitioner Ray Sullivan ("Sullivan"): a Notice of Appeal (Doc. 90) and a Motion for Leave to Appeal In Forma Pauperis (Doc. 92). Although Sullivan did not file an Application for Certificate of Appealability ("COA"), the United States Court of Appeals for the Eleventh Circuit has mandated that courts construe a petitioner's notice of appeal as an application for a COA pursuant to 28 U.S.C. § 2253(c). Edwards v. United States, 114 F.3d 1083 (11th Cir. 1997).   Accordingly, the Court will treat Sullivan's Notice of Appeal as an Application for COA (Doc. 91).[1]  For the reasons set forth below, Sullivan's Application for COA (Doc. 91) is denied, and his Motion for Leave to Appeal In Forma Pauperis (Doc. 92) is denied as moot.

Sullivan has filed numerous post-conviction motions.  Most recently, on October 19,

_____

[1] In light of the Eleventh Circuit's mandate in Edwards, when the clerk's office docketed Sullivan's Notice of Appeal (Doc. 90), it also created another docket entry (Doc. 91) to reflect that the Notice of Appeal was being construed as a Motion for Certificate of Appealability.

2006, this Court issued an Order (Doc. 89) dismissing Sullivan's "Motion to Reconsider Under Rule 60(b) of Fed. R. Civ. P." (Doc. 86) as an unauthorized second and successive § 2255 motion. Sullivan has now filed the aforementioned Application for COA (Doc. 91) and Motion for Leave to Appeal In Forma Pauperis (Doc. 92) .

Under the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner must obtain a COA before he can appeal the denial of a § 2255 motion. See 28 U.S.C. § 2253(c)(1)(B). Under section 2253(c), a COA may issue only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court finds that Sullivan has made no such showing. Accordingly, his Application for COA (Doc. 91) is denied.

The Court's decision to deny Sullivan's Application for COA necessarily renders his Motion to Proceed In Forma Pauperis (Doc. 92) moot. It is denied as such.

In view of the foregoing, Sullivan's Application for COA (Doc. 91) is denied, and his Motion for Leave to Appeal In Forma Pauperis (Doc. 92) is denied as moot.

SO ORDERED, this the 15th day of November, 2006.

s/  Hugh Lawson
HUGH LAWSON, JUDGE

pdl

2